# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEO T. EPPERSON, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-21-786-F |
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, a foreign corporation and KENNETH T. WILLIAMS, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

The court is in receipt of the Notice of Removal of Civil Action (Notice) filed by defendant Allstate Fire & Casualty Insurance Company. Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332. However, the jurisdictional allegations in the Notice are insufficient (not even close) to establish diversity jurisdiction.[1]

The Notice alleges that plaintiff Leo T. Epperson is a "resident" of the State of Oklahoma and defendant Kenneth T. Williams is a "resident" of the State of Texas. Doc. no. 1, ¶¶ 4, 5. For purposes of § 1332, citizenship and residence are two entirely distinct concepts. A natural person is a citizen of the state in which he is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, a litigant may be an individual who resides in one place but is domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). The Notice must allege the state of citizenship, as opposed to the state of residence, for plaintiff and defendant Kenneth T. Williams.

In addition, the caption and the introductory and concluding paragraphs of the Notice identify defendant as "Allstate Fire & Casualty Insurance Company." The jurisdictional allegations provided in paragraph 3 of the Notice make no mention at all of "Allstate Fire & Casualty Insurance Company." And if they did, they would still be inadequate. The caption indicates that defendant is a corporation. For purposes of § 1332, a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice must allege the state of incorporation for defendant–whether it is Allstate Fire & Casualty Insurance Company or some other entity–and the state where it has its principal place of business.[2]

Accordingly, defendant Allstate Fire & Casualty Insurance Company is **DIRECTED** to file an amended Notice of Removal of Civil Action, within seven days of the date of this order, which provides the missing jurisdictional information to establish diversity jurisdiction.[3] Defendant may provide the information based

---

[2] If defendant is a business entity other than a corporation, defendant must provide the jurisdictional allegations required for that entity.

[3] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court,

upon its information and belief.  Failure to comply may result in the remand of the action to state court.

    IT IS SO ORDERED this 12th day of August, 2021.

                                                                                         /s/ Stephen P. Friot
                                                                     STEPHEN P. FRIOT
                                                                     UNITED STATES DISTRICT JUDGE

21-0786p001.docx

---

to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.